CATHARINE GULICK, EXECUTRIX, AND MERAN GULICK, EXECUTOR OF SAMUEL GULICK, DEC'D v. JOHN LODER.

Where judgment has passed in favour of the defendant on a plea of *nul tiel record,* this court will not allow the plaintiffs so to amend their declaration, as to make it conform to the record produced.

At the last February term of this court, judgment was rendered in favour of the defendant, on the ground of the variance between the record declared on, and the record produced. 2 *Green,* 572. The court granted a rule to show cause, why the declaration should not be so amended, as to make it conform with the record produced.

*J. S. Green,* in support of the rule, cited *Herbert* v. *Hardenbergh,* 5 *Halst.* 222; *Rogers* v. *Phinney,* 1 *Green,* 1; *The Managers of the North River Meadow Company* v. *The Rector, &c. of Christ Church in the town of Shrewsbury,* 3 *Green* 52; *Tillou* v. *Hutchinson,* 3 *Green* 178.

Executors of Gulick *v.* Loder.

The opinion of the court, was delivered by

Hornblower, C. J.   This cause being at issue on a plea of *nul tiel record* was regularly brought to trial at the bar of this court; when the plaintiffs failed to produce any such record as that set forth in the declaration and judgment was rendered for the defendant.   The record declared upon, purported to be of a recovery by the plaintiffs' testator against the defendant and one William Loder, in the Court of Common Pleas of the county of Northampton, in the State of Pennsylvania, in a suit wherein the said testator had been plaintiff, and the said John Loder and William Loder defendants.   Whereas the record, (if such it may be called,) brought into this court, was in an action of debt, commenced by John and William Loder, against the testator, and in which the referees, to whom the same had been referred under a statute regulation of the State of Pennsylvania, had reported a sum of money due from the plaintiffs in that suit, to the testator, who was defendant in the same.

At the last February term of this court, when judgment was given for the defendant, the plaintiffs obtained a rule to show cause why they should not have leave to amend their declaration, so as to make it conform to the record they produced; and whether that rule ought to be made absolute, is the question now submitted to the court.

I am aware that in latter times, a more liberal spirit has prevailed in regard to amendments, than formerly obtained; and a spirit, in my opinion, much more consonant with the advancement of justice, than the narrow and restricted rules which once fettered and controlled the courts on this subject.   But nevertheless, we must set bounds to a spirit of innovation, in this particular, as well as in others, lest in our march of judicial improvement, we set every thing afloat, and inculcate in practioners, a belief, that certainty and legal accuracy in conducting of suits, and in pleading, is of little or no importance; and that it will be time enough to correct their errors and mistakes, when the courts, or their adversaries shall detect them.— Amendments discreetly permitted, no doubt, have a tendency to shorten litigation, and advance the cause of justice; but if

the courts lend too easy an ear to every application, the tendency will as plainly be to induce a lax, careless and unskilful course of practice and pleading ; and consequently, to increase and protract litigation.

Some of the cases cited by the plaintiffs' counsel, and many others in the books, have gone great lengths, but none I believe so far as we are now called upon to go. If they have, I think it will be found upon examination, that there were some peculiar circumstances in the case, strongly appealing to the equitable feelings of the court, and requiring the amendment, either in affirmance of what had already been done, or to prevent a complete and palpable failure of justice. No such circumstances exist in this case, and nothing in my apprehension that calls upon the court for the exercise of a doubtful authority, or the extension of a rule already sufficiently attenuated ; nothing that appeals to our sense and love of justice. The suit was commenced by an attachment in the year 1826, now ten years ago, and has been permitted to linger in its progress through this court in a very unusual manner. It is founded on a stale transaction ; on which is called a foreign *judgment*, but which if it is a *judgment*, is now of thirty-seven years standing, and would if it had been a judgment of one of our own courts, have been long since quieted by the statute of limitations.

I fully concur in the opinion expressed by the late CHIEF JUSTICE, in *Herbert* v. *Hardenbergh*, 5 *Halst. R.* 222 ; but that case, and all the cases cited by him, belong to a numerous class of cases to be found in the books, in which amendments have been granted after verdicts and judgments, and, as in that case, after error brought, in matters not affecting the rights of the parties, or the merits of the cause, and where the effect of the amendment was to support such verdict and judgment.

In the case of *The Meadow Company* v. *The Rector, &c.*, *ante*, 52, recently decided in this court, we went as far as I am willing to go. The plaintiff was non-suited at the Circuit, on account of a mistake in the name of one of the Commissioners, and in the date of the statute upon which the action was founded. These were certainly mere clerical mistakes, and not misstatements of the plaintiff's rights, or owing to any misap-

prehension of the legal ground of action.  Besides, the cause was still before us on the *postea*, and no final judgment had been pronounced.  In *Tillou* v. *Hutchinson*, also recently decided in this court, *ante*, 178, there had been no error in pleading ; the plaintiff had been non-suited at the Circuit, on the ground of a variance between the note declared upon, and offered in evidence, and the note described in the particular which had been delivered.  The non-suit was set aside, at least so far as I was concerned, on the ground that the court had erred in excluding the note from the Jury—because it was manifest the party had not been misled or prejudiced by the particular; and put in no affidavit that he had been. ₒ *Daley* v. *Atwood*, 7 *Cowen*, *R.* 483.  In *Rogers and al.* v. *Phinney*, 1 *Green*, 1, the cause had been tried and the merits found to be with the plaintiffs.  On a writ of error the judgment had been reversed, *a venire de novo ordered*, and the record remitted to this court.  The cause was therefore pending and undetermined in this court.  It was to be sent down for trial at the Circuit, and it would have been unreasonable in this court, to compel the plaintiff's to go to trial upon a defective record, when an amendment was sought for upon proper terms, in a matter which, as the CHIEF JUSTICE expressed himself, was not to introduce " a new cause of action."

These are all the cases referred to by the plaintiffs' counsel ; and none of them, nor any case that I have found, go the length of supporting this rule.  It is true, that after argument, and an opinion expressed by the court, on a demurrer, the court may and frequently do, permit a party to amend his declaration, or to withdraw his demurrer and plea.  But in such cases, the court go upon the ground, that it is hard to conclude a party upon a point of law, when it may turn out upon a trial of the facts in the case, that such question of law would arise.

If a party who finds out after a trial, that he has misconceived or misstated his cause of action, may have leave to amend, and make a good cause upon the record, I do not see at what point we shall stop.  We cannot confine such amendments to actions founded upon records or written contracts ; for I see no reason why an attorney who frames his declaration upon verbal infor-

mation from his client, and on a trial discovers that the witnesses make quite a different case, should not equally be entitled to amend.

Upon the whole, I am of opinion that the rule ought to be discharged.

*Rule discharged.*